IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| OMOWALE ASHANTI SHABAZZ a/k/a FRED DEAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 17-1051-JDT-cgc |
| CENTURION, ET AL., | ) ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO AMEND, PARTIALLY DISMISSING
COMPLAINT, DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF,
AND DIRECTING THAT PROCESS BE ISSUED AND SERVED

The *pro se* Plaintiff, Omowale Ashanti Shabazz a/k/a Fred Dean, an inmate at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed this action pursuant to 42 U.S.C. § 1983 on March 20, 2017. (ECF No. 1.) After he was directed to file a properly supported *in forma pauperis* affidavit and a copy of his inmate trust account statement (ECF No. 3), Shabazz elected to pay the $400 filing fee. On September 29, 2017, Plaintiff moved to file an amended complaint. (ECF No. 5.) That motion is GRANTED. As the amended complaint appears intended to supersede the original complaint, the amended complaint will now be the operative pleading in the case. (ECF No. 5-1.) The Court shall record the Defendants as Centurion, a private health care provider for the Tennessee Department of Correction (TDOC); TDOC Commissioner Tony Parker; TDOC Medical Director Kenneth Williams, M.D.; TDOC Associate Medical Director Kenneth L. Wiley, M.D.; NWCX Warden Michael Parris; and NWCX Medical Director Cortez Tucker.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Shabazz alleges that during his time as an inmate in the custody of the TDOC he has been and is being "consistently and systematically" denied adequate medical treatment for his Hepatitis B and C. In essence, he alleges the Defendants knowingly adopted and continue to follow

2

constitutionally inadequate policies and procedures for diagnosing and treating prisoners with Hepatitis B and C. Those unconstitutional policies and procedures allegedly use outdated standards of medical care with the primary goal of reducing costs, which has resulted in an almost total denial of treatment for prisoners such as Shabazz who have Hepatitis B and C. Shabazz alleges the Defendants have, therefore, demonstrated deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

The Court finds the allegations in the amended complaint are sufficient to state an Eighth Amendment claim for denial of adequate medical care. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *see also Estelle v. Gamble*, 429 U.S. 97 (1976).

Shabazz seeks declarative and injunctive relief as well as compensatory and punitive damages. With regard to the claims for money damages, process will be issued for Defendant Centurion and for the TDOC and NWCX Defendants in their individual capacities. However, to the extent that Plaintiff seeks money damages from any of the TDOC or NWCX Defendants in their official capacities, the claims must be treated as claims against the State of Tennessee. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, those damages claims are barred by the Eleventh Amendment, *see Lewis v. Clarke*, 137 S. Ct. 1285, 1290-91 (2017) (official capacity suits may be barred by sovereign immunity), because Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102. The official capacity claims for money damages will, therefore, be dismissed.

It is generally permissible for a § 1983 plaintiff to sue state employees in their official capacities for declaratory and prospective injunctive relief to remedy an ongoing violation of federal

3

law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-03 (1984) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). In this case, however, the Court finds that Plaintiff's claims for equitable relief are duplicative of and subsumed by a prior class action suit that is currently pending in the U.S. District Court for the Middle District of Tennessee.

The class action complaint in *Graham, et al. v. Parker, et al.*, No. 3:16-cv-01954 (M.D. Tenn.), was filed on July 25, 2016, several months before Plaintiff filed this action. The allegations and issues raised in that action are largely identical to those raised by Plaintiff in his original and amended complaints. Indeed, many of the factual allegations in both the original and amended complaints in this case were taken verbatim from the complaint in *Graham*. *Compare* No. 17-1051 (W.D. Tenn) (Am. Compl., ECF No. 5-1 at 6-7, ¶¶ 22-28), *with* No. 16-01954 (M.D. Tenn.) (Compl., ECF No. 1 at 3-5, ¶¶ 10-16); *compare* No. 17-1051 (Am. Compl., ECF No. 5-1 at 11-13, ¶¶ 54-59), *with* No. 16-01954 (Compl., ECF No. 1 at 5-7, ¶¶ 17-21). In addition, the declaratory and injunctive relief sought in Plaintiff's amended complaint is essentially the same as that sought in *Graham*. *Compare* No. 17-1051 (ECF No. 5-1 at 21-22, ¶¶ A-C), *with* No. 16-01954 (ECF No. 1 at 12-13, ¶¶ 2-4).

On May 4, 2017, U.S. Chief District Judge Waverly D. Crenshaw, Jr., issued an order granting the Plaintiffs' motion for class certification in *Graham*. No. 16-01954 (ECF No. 33.) Judge Crenshaw defined the class as:

> All persons currently incarcerated in any facility under the supervision or control of the Tennessee Department of Corrections or persons incarcerated in a public or privately owned facility for whom the Tennessee Department of Corrections has ultimate responsibility for their medical care and who have at least 90 days or more remaining to serve on their sentences and are either currently diagnosed with

4

Hepatitis C infection or are determined to have Hepatitis C after a screening test has been administered by the Department of Corrections.

(*Id.* at 1.) The allegations of Plaintiff's amended complaint indicate that he qualifies as a member of the class in *Graham*.[1]

The Court concludes that as a member of the class in *Graham*, Plaintiff should not be permitted to pursue duplicative claims for declaratory and injunctive relief in this case. *See Groseclose v. Dutton*, 829 F.2d 581, 584 (6th Cir. 1987) ("To allow two or more district judges to issue directions to prison officials simultaneously would be to create . . . an inefficient situation, fraught with potential for inconsistency, confusion, and unnecessary expense." (citation and internal quotation marks omitted)). Therefore, all of Plaintiff's claims for declaratory and injunctive relief will be dismissed without prejudice. For the same reason, his motion for preliminary injunctive relief (ECF No. 4), is also DENIED.

For the foregoing reasons, Plaintiff's claims for money damages against the TDOC and NWCX Defendants in their official capacities are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). All of Plaintiff's claims for declaratory and injunctive relief are DISMISSED WITHOUT PREJUDICE because they are subsumed by *Graham, et al. v. Parker, et al.*, No. 3:16-cv-01954 (M.D. Tenn. filed July 25, 2016).

With regard to Plaintiff's claims for money damages against Defendant Centurion and against the TDOC and NWCX Defendants in their individual capacities, the Clerk is ORDERED

---

[1] On January 18, 2018, Plaintiff filed a motion seeking to intervene in *Graham*. No. 16-01954, (ECF No. 43.) Judge Crenshaw denied the motion to intervene as moot, stating that Plaintiff was already a member of the class if he met the requirements of the class definition. *Id.*, (ECF No. 44.) Plaintiff's motion to reconsider, *id.*, (ECF No. 45), in which he also asked for the present case to be transferred to the Middle District, was denied as well. *Id.*, (ECF No. 48).

5

to issue process for the Defendants and deliver that process to the U.S. Marshal for service.[2] Service shall be made on Defendants Centurion, Parker, Williams, Wiley, Parris and Tucker pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective and shall include a copy of this order. All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every subsequent document he files in this cause on the attorneys for the Defendants or on any unrepresented Defendant. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[3]

Plaintiff shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

     s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] It is possible that the most efficient use of judicial resources eventually will be to stay the proceedings in this case with regard to the individual capacity claims for damages, pending the outcome of *Graham*. However, the Court will not make that decision *sua sponte* prior to service of process.

[3] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.