UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| OMOWALE ASHANTI SHABAZZ<br>a/k/a FRED DEAN,<br><br>    Plaintiff,<br><br>VS.<br><br>CENTURION OF TENNESSEE, LLC,<br>ET AL.,<br><br>    Defendants. | No. 17-1051-JDT-cgc |

ORDER TO MODIFY THE DOCKET, ADDRESSING PENDING MOTIONS, AND
REFERRING PORTION OF MOTION TO COMPEL TO MAGISTRATE JUDGE

The *pro se* Plaintiff, Omowale Ashanti Shabazz a/k/a Fred Dean, a prisoner at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed this civil action pursuant to 42 U.S.C. § 1983 and paid the filing fee. He sued Centurion of Tennessee, LLC (Centurion),[1] a private health care provider for the Tennessee Department of Correction (TDOC); TDOC Commissioner Tony Parker; TDOC Medical Director Kenneth Williams, M.D.; TDOC Associate Medical Director Kenneth L. Wiley, M.D.; former NWCX Warden Michael Parris; and NWCX Medical Director Cortez Tucker. The Court subsequently issued an order granting Shabazz's motion to file an amended complaint,

---

[1] Centurion's full legal designation is given in its answer. (ECF No. 16 at PageID 165.) The Clerk is directed to MODIFY the docket to include Defendant Centurion's full designation.

denying his motion for a preliminary injunction, partially dismissing his claims, and directing that all of the Defendants be served with process. (ECF No. 6.) Thereafter, process returns were filed by the U.S. Marshal indicating that Defendants Tucker, Wiley and Williams had been served. (ECF No. 10.) The process issued for Parris was returned unexecuted with the notation that he was no longer the Warden at the NWCX. (ECF No. 9.)[2] No process return was filed for Centurion.

On May 31, 2018, Shabazz filed a request for the Clerk to enter default against all of the Defendants. (ECF No. 11.) The same day, in accordance with Federal Rule of Civil Procedure 55(a), the Clerk entered default against Defendants Tucker and Wiley. (ECF No. 12.) However, the Clerk denied Shabazz's request for entry of default as to Defendants Centurion and Parris, noting there was no proof in the record they had been served. (*Id.*)[3]

Defendant Tucker filed a motion on June 1, 2018, seeking to set aside entry of default, (ECF No. 14), and he filed an answer on June 8, 2018. (ECF No. 20.) On June 12, 2018, Defendants Williams and Wiley also filed a motion to set aside entry of default. (ECF No. 24.)

Pursuant to Rule 55(c), the Court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." This creates a distinction between the appropriate standard for setting aside the Clerk's entry of default, and the

---

[2] Shabazz later filed a notice that Defendant Parris is now Warden of the Morgan County Correctional Complex. (ECF No. 32.) The Court will enter a separate order directing the Clerk to re-issue process for Parris.

[3] Despite the lack of a process return to show proof of service, Centurion apparently was served because an answer was filed on June 6, 2018. (ECF No. 16.)

standard for setting aside a default judgment. *See INVST Fin. Group v. Chem-Nuclear Sys.*, 815 F.2d 391, 398 (6th Cir. 1987). Thus, entry of default may be set aside for "good cause shown," but a default judgment may be set aside only if the stricter Rule 60(b) standards for setting aside a final, appealable order are met. Because no default judgment has been entered in this case, the lesser standard is applicable here.

In determining whether the party seeking to set aside entry of default has shown good cause, the Court should consider factors such as: (1) whether the entry of default was the result of the defendant's culpable conduct; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant presents a meritorious defense. *U.S. S.E.C. v. Merklinger*, 489 F. App'x 937, 939 (6th Cir. 2012); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).

Defendant Tucker argues that entry of default should be set aside because he was not properly served with process, and there is some confusion in that regard. The record contains the Marshal's process return for Tucker which shows that on May 3, 2018, Tucker himself signed the Marshals Form-299, Notice and Acknowledgment of Receipt of Summons and Complaint. (ECF No. 10 at PageID 132.) That acknowledgment specifically provides, "I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at" the NWCX. (*Id.*) In an Affidavit attached to his motion, Tucker does not dispute that he signed the document. (Tucker Aff. ¶ 8, ECF No. 14-1.) Rather, he now asserts that he signed it only because he was told to do so by an unidentified "staff" at the NWCX and that he did not actually receive the summons and complaint. (*Id.*) He further states his attorney advised that was

not proper service and that he was unaware the process had been returned executed. (*Id.* ¶¶ 8-9.)

Given the clear statement in the acknowledgment signed by Tucker, the Court finds his Affidavit disingenuous. He does not state that he failed to read the document or that he did not understand what it meant. If Tucker did not receive the summons and complaint at that time, it was careless in the extreme for him to sign the acknowledgment, under penalty of perjury no less, declaring that he did. He does not state in his Affidavit that anyone at the NWCX coerced him into signing. Therefore, the Court must conclude that Tucker was properly served. Nevertheless, due to the confusion as to whether the service was sufficient, the Court finds good cause for setting aside the entry of default. Tucker's motion to set aside entry of default is GRANTED.

Defendants Williams and Wiley assert their failure to respond to the complaint was the result of inadvertence. They have submitted a joint affidavit in which they state their lack of response was not intentional or willful because they confused this case with another very similar matter previously filed by Shabazz in this district, case number 16-1150. (Williams & Wiley Aff. ¶¶ 4-6, ECF No. 26.) The Court finds this amounts to excusable neglect.

Defendants Williams and Wiley further assert they have a meritorious defense that they did not violate Shabazz's Eighth Amendment rights. "In determining whether a defaulted defendant has a meritorious defense '[l]ikelihood of success is not the measure.'" *United Coin Meter*, 705 F.2d at 845 (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980). "Rather, if any defense relied upon states a

defense good at law, then a meritorious defense has been advanced." *Id.* Here, if Defendants Williams and Wiley can prove they did not violate Shabazz's rights, it would constitute a complete defense to his claims. Therefore, they have presented a meritorious defense.

The Court also finds that Shabazz would not be prejudiced if the entry of default is set aside, as this case is still in the pre-trial stages. Accordingly, the motion to set aside the Clerk's entry of default against Defendants Williams and Wiley also is GRANTED. These Defendants are ORDERED to file a response to the amended complaint within 21 days after the date of this order.

Defendant Parker, the TDOC Commissioner, filed a motion to dismiss for failure to state a claim on July 12, 2018. (ECF Nos. 33 & 34.) In evaluating a motion to dismiss for failure to state a claim, the Court must construe the complaint "in the light most favorable to the plaintiff, accept all . . . factual allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). While the complaint "does not need detailed factual allegations" the plaintiff must supply "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In addition, "the tenet that a court must accept as true all of the

5

allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Parker contends the claims against him should be dismissed for three reasons. However, the Court finds the second reason, failure to state a claim for money damages against Parker in his individual capacity, is sufficient to warrant dismissal merit. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). A supervisory official, who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006).

In his response to Parker's motion, Shabazz points out several sections of his amended complaint that he contends adequately allege personal involvement by Parker. (Pl.'s Resp., ECF No. 35 at PageID 255.) However, a close reading of the amended complaint shows each of these sections refers to the "Defendants," collectively. None of

6

the allegations identify any specific actions taken by Parker that would support a finding of individual liability for money damages. Therefore, Parker's motion to dismiss for failure to state a claim is GRANTED.

Shabazz filed a motion to compel discovery on November 19, 2018, (ECF No. 44), which also includes a motion to exceed the 20-page limitation of Local Rule 7.2(e). (ECF No. 44-1 at PageID 287.) The motion to file excess pages is GRANTED.

In a Declaration attached to his motion to compel, Shabazz states that Defendants Williams and Wiley have filed no responses to the discovery requests he served on July 18, 2018. (Pl.'s Decl. ¶¶ 10-11, ECF No. 44-3 at PageID 319-320.) Instead, Williams and Wiley assert that due to the pending motions to set aside the Clerk's entry of default, they were not yet obligated to fully answer those discovery requests. The Court finds this to be a reasonable assertion. If the Clerk's entry of default as to Williams and Wiley had been allowed to stand, and if a judgment by default had been rendered against them, the need for discovery from these Defendants would have been very limited or perhaps even eliminated completely. Therefore, the motion to compel is DENIED as to Defendants Williams and Wiley. The date of the scheduling order that will be entered in this matter will start the 30-day period for Williams and Wiley to serve specific responses to Shabazz's discovery requests.

The remainder of Shabazz's motion to compel, which concerns the adequacy of the discovery responses served by Defendants Centurion and Tucker, will be referred to the assigned Magistrate Judge.

On January 30, 2019, Shabazz filed a motion to further amend the complaint. (ECF No. 49.) He seeks to add as a defendant Dr. Asher Turney, identified as Centurion's Medical Director for Tennessee and a member of the TDOC Advisory Committee on HIV and Viral Hepatitis Prevention and Treatment.

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to amend the pleadings "when justice so requires." However, leave may be denied when the amendment would be futile. *Parchman v. SLM Corp.*, 896 F.3d 728, 737-38 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Khaled v. Dearborn Heights Police Dep't*, 711 F. App'x 766, 771 (6th Cir. 2017).

In his proposed amendment, Shabazz alleges that Dr. Turney, as a member of the TDOC Advisory Committee,

> had/has the authority to review specialty consultation information as determined by and in conjunction with the TDOC Medical Director which may include reviewing, approving, denying, or recommending alternative treatment for specialty consultations by institutional physicians for prisoners with Hepatitis B and/or C and also works to establish and update procedures on hepatitis treatment in Tennessee's prisons.

(ECF No. 49-1 at PageID 424.) However, he does *not* allege that Dr. Turney personally reviewed, approved, denied, or recommended any specific treatment for Shabazz himself. Such a claim against Turney is insufficient to support liability for money damages under 42 U.S.C. § 1983. Therefore, the motion to amend is DENIED because it is futile.

The Court GRANTS Shabazz's motion for a scheduling order, which will be entered separately.

In summary:

(1) The motions filed by Defendants Tucker, Williams and Wiley to set aside entry of default are GRANTED. (ECF Nos. 14 & 24.)

(2) Defendant Parker's motion to dismiss for failure to state a claim is GRANTED. (ECF No. 33.)

(3) Plaintiff Shabazz's motion for a scheduling order is GRANTED. (ECF No. 39.)

(4) Plaintiff Shabazz's motion to compel discovery, (ECF No. 44), is DENIED only with regard to Defendants Williams and Wiley. The Court hereby REFERS the remainder of that motion, concerning the sufficiency of discovery responses provided by Defendants Centurion and Tucker, to U.S. Magistrate Judge Charmiane G. Claxton for disposition.

(5) Plaintiff Shabazz's motion to amend is DENIED. (ECF No. 49.)

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE