UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| OMOWALE ASHANTI SHABAZZ<br>a/k/a FRED DEAN,<br><br>    Plaintiff,<br><br>VS.<br><br>CENTURION OF TENNESSEE, LLC,<br>ET AL.,<br><br>    Defendants. | No. 17-1051-JDT-cgc |

ORDER ADDRESSING PENDING MOTIONS

The *pro se* Plaintiff, Omowale Ashanti Shabazz a/k/a Fred Dean, who at the time was a prisoner at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee,[1] filed this civil action pursuant to 42 U.S.C. § 1983 and paid the filing fee. He sued Centurion of Tennessee, LLC (Centurion); Tony Parker, Commissioner of the Tennessee Department of Correction (TDOC); Kenneth Williams, M.D., TDOC Medical Director; Kenneth L. Wiley, TDOC Associate Medical Director; former NWCX Warden Michael Parris; and Cortez Tucker, the NWCX Medical Director. Shabazz later filed an amended complaint. (ECF No. 5.) The Court issued an order screening the amended complaint and dismissing all official capacity claims against the TDOC and NWCX Defendants for monetary, declaratory, and injunctive relief. (ECF No. 6.) The Court directed the Clerk to issue process for Centurion and for the TDOC and NWCX employees in

---

[1] Shabazz notified the Court on May 20, 2020, that he has been released from prison. (ECF No. 136.)

their individual capacities with regard to Shabazz's claims for monetary damages. (*Id.* at PageID 106-07.) Shabazz's subsequent motion to file a second amended complaint adding Dr. Asher Turney, Centurion's Medical Director for Tennessee, as a new defendant was denied. (ECF No. 52 at PageID 440-41.)

The Court also granted Defendant Parker's motion to dismiss the individual capacity claims against him, finding that Shabazz had failed to allege a basis for liability other than *respondeat superior*. (*Id.* at PageID 437-39.) On April 10, 2019, Shabazz filed a motion to alter or amend the dismissal of the claims against Parker. (ECF No. 60).

Shabazz's motion to alter or amend the dismissal of his claims against Defendant Parker is not well taken. Whether treated as a motion to alter or amend under Federal Rule of Civil Procedure 59(e) or a motion for relief from a judgment or order under Rule 60(b), the only possible ground for granting relief from the order is an error of law by the Court. *See Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (relief may be warranted under Rule 59(e) if there has been a "clear error of law"); *Braggs v. Perez*, 42 F. App'x 678, 680 (6th Cir. 2002) (legal error is considered a type of "mistake" under Rule 60(b)(1)). Here, Shabazz asserts merely that the Court erred by not properly taking into account certain allegations in the first amended complaint, namely, that Defendant Parker "failed to create, implement, execute, or enforce" adequate policies, "failed to ensure that the TDOC had adequate financial resources," and failed to ensure that proper standards were maintained. (ECF No. 5-1 at PageID 95-97.) However, general statements regarding failure to create, implement, or maintain standards and policies for the entire TDOC prison system do not adequately allege the type of personal involvement in Shabazz's specific medical treatment or lack thereof that is needed to impose individual damages liability on Defendant Parker. The motion to alter or amend is DENIED.

On April 5, 2019, Defendants Williams and Wiley filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), also contending Shabazz's individual capacity claims against them are based, at most, on *respondeat superior*. (ECF No. 55.) Defendant Parris filed a similar motion on September 3, 2019. (ECF No. 87.) The Court agrees that the allegations against Williams, Wiley, and Parris do not state a plausible claim for individual § 1983 liability. Apparently recognizing the deficiencies in his first amended complaint, Shabazz filed a motion on September 23, 2019, seeking to file a fourth amended complaint in which he attempts, *inter alia*, to cure those deficiencies identified by the Defendants. (ECF Nos. 96 & 96-2.)[2] Defendants responded, and Shabazz's motion for leave to file a reply to that response is GRANTED. (ECF No. 104.)

Because the first amended complaint does not adequately allege that Defendants Williams, Wiley, and Parris were personally involved in Shabazz's medical treatment, he has failed to state a claim on which relief may be granted. The motions to dismiss the first amended complaint with regard to the individual capacity claims against Williams, Wiley, and Parris therefore are GRANTED.

In Shabazz's proposed fourth amended complaint, his allegations refer to the Defendants by name instead of merely using the collective "Defendants" as he did in the first amended complaint. (ECF No. 96-2.) He also seeks to include numerous facts drawn from his medical records. (*Id.*) Still missing from the factual allegations, however, is any suggestion that

---

[2] Shabazz moved to file a third amended complaint on April 23, 2019. (ECF No. 61.) On August 5, 2010, he filed a motion to correct an omission in that proposed third amended complaint. (ECF No. 81.) However, on September 23, 2019, Shabazz filed a motion to withdraw the third amended complaint. (ECF No. 95.) The motion to withdraw the third amended complaint is GRANTED, thus rendering moot both the April 2019 motion to amend and the August 2019 motion to correct that document. Also moot is Shabazz's motion to file a reply to Defendant Centurion's response to the April 2019 motion to amend. (ECF No. 89.)

Defendants Parker, Parris, Williams, or Wiley were personally involved in the decisions made with regard to Shabazz's specific medical treatment. In fact, as Defendants point out, Shabazz specifically alleges that Defendants Parker, Parris, Williams, and Wiley delegated, abdicated, and abandoned to Centurion their responsibility to ensure that he received adequate medical care. (*Id.* ¶ 8 at PageID 1288, ¶ 22 at PageID 1291.) Those changes do not state a plausible claim that either of these Defendants was personally involved in Shabazz's specific medical care to a degree that would support individual liability for damages.

As to Shabazz's attempt to once more add Dr. Asher Turney as a new defendant, Defendants assert the claims against him also fail to state a claim. The Court agrees. Again, the allegations simply do not suggest that Turney was personally involved in Shabazz's medical care. At most, the proposed amendment alleges Turney knew of Shabazz's medical condition, though Shabazz appears to assume that knowledge simply because of Turney's position as Centurion's Medical Director for Tennessee.[3]

Furthermore, to the extent Shabazz seeks to re-allege his official capacity claims in the proposed fourth amended complaint, those claims would be subject to dismissal for the reasons stated in the initial screening order. As Shabazz has now been released from prison, all claims for injunctive and declaratory relief are also moot. *See Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (a prisoner's claims for declaratory and injunctive relief are moot when the prisoner is transferred from the prison about which he complains); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Mason v. Davis*, No. 2:19-cv-4502, 2020 WL 1695185, at *3-4 (S.D. Ohio Apr. 7, 2020) ("[A]n inmate's transfer or release ends the alleged violations of his or her constitutional

---

[3] Shabazz does allege that Turney entered into a "conspiracy to deliberately forego needed treatment" for Shabazz and other prisoners because of the cost. (*Id.* ¶ 23 at PageID 1292.) The conspiracy allegation is purely speculative and unsupported.

rights, which 'render[s] the court unable to grant the requested relief.'" (quoting *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993))).

Accordingly, Shabazz's motion to file a fourth amended complaint is GRANTED IN PART AND DENIED IN PART. The portions of the fourth amended complaint which clarify and supplement his claims for monetary damages against Defendants Centurion and Tucker will be allowed. However, to the extent the fourth amended complaint asserts claims against any of the other Defendants, it is disallowed.

On June 13, 2019, Shabazz filed a motion pursuant to Federal Rule of Civil Procedure 35 asking the Court to order an independent physical examination. (ECF No. 72.) He states he now has kidney disease in addition to the liver damage caused by his Hepatitis B and C. Shabazz asserts both conditions are in controversy in this case and that an independent examination could help the trier of fact understand the side effects of Hepatitis B and C. He further contends it is unfair that Defendants can have him submit to any prison doctor they choose but that he does not have the means to obtain the same information.

Even assuming that both Shabazz's kidney disease and his liver condition are in controversy in this case, which is disputed, the Court finds that an independent examination is unwarranted. Shabazz is no longer in prison, and he is not indigent. He now has the same opportunity to obtain expert medical testimony as the Defendants. The motion for an independent examination is DENIED.

In conclusion, for the reasons stated above:

The motions to dismiss filed by Defendants Williams, Wiley, and Parris are GRANTED. (ECF Nos. 55 & 87.)

Plaintiff's motion to alter or amend is DENIED. (ECF No. 60.)

Plaintiff's motion to withdraw his April 2019 motion to amend is GRANTED.  (ECF No. 95.)

Plaintiff's motions to file a third amended complaint, to correct an omission in the proposed amended complaint, and to file a reply (September 5, 2019) are DENIED as moot.  (ECF Nos. 61, 81 & 89.)

Plaintiff's motion to file a reply (October 18, 2019) is GRANTED.  (ECF No. 104.)

Plaintiff's motion to file a fourth amended complaint is GRANTED IN PART AND DENIED IN PART.  (ECF No. 96.)

Plaintiff's motion for an independent physical examination is DENIED.  (ECF No. 72.)

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE