UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| OMOWALE ASHANTI SHABAZZ a/k/a FRED DEAN, | ) ) ) |
| Plaintiff, | ) ) |
| VS. | ) ) No. 17-1051-JDT-cgc |
| CENTURION OF TENNESSEE, LLC, ET AL., | ) ) ) ) |
| Defendants. | ) |

ORDER ADDRESSING CERTAIN DISCOVERY MOTIONS

Before the Court are several discovery motions in this matter. The *pro se* Plaintiff, Omowale Ashanti Shabazz, filed a motion on May 16, 2019, (ECF No. 69), seeking to renew his motion to compel filed in November 2018 with regard to Defendants Kenneth Williams and Kenneth L. Wiley. The motion is DENIED as moot, as all claims against Williams and Wiley have now been dismissed.

On July 15, 2019, Shabazz filed a second motion to compel, seeking an order requiring Defendants Centurion of Tennessee, LLC (Centurion) and Cortez Tucker to serve responses to his Sixth Discovery Request. (ECF No. 76.)[1] Defendants responded, and Shabazz has moved to file a reply. (ECF No. 99.) The motion to file a reply is GRANTED. However, Shabazz also filed an

---

[1] Shabazz previously filed a first motion to compel and a supplement, (ECF Nos. 44 & 54), which were referred to the assigned U.S. Magistrate Judge for disposition. The Magistrate Judge has ruled on the motions, but the parties have filed various objections and motions to reconsider. The Court will issue a separate order on those motions and objections.

amended second motion to compel on August 9, 2019. (ECF No. 82.) Again, Defendants responded. Shabazz has not sought to file a further reply concerning his Sixth Discovery Request.[2]

In the July 15, 2019, second motion to compel, Shabazz claimed only that the Defendants had not responded to his Sixth Discovery Request. Defendants responded that they served timely responses to the Sixth Discovery Request on July 2, 2019. Defendants do admit they first inadvertently sent the responses to Shabazz's old address, and Shabazz concedes he finally received them on July 16, 2019.[3] For this reason, the July 15, 2019, second motion to compel is DENIED. (ECF No. 76.)

In his amended second motion to compel concerning the Sixth Discovery Request, (ECF No. 82), Shabazz asserts that Centurion's responses were insufficient. In the Sixth Request, Centurion was asked to produce a very large amount of documents. Defendant object to the requests for production as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Shabazz requests that Centurion produce the following information for the time period January 2014 through December 2018:

1) each and every minute book;

2) the minutes of all meetings, special, annual, or otherwise, conducted by Centurion's board of directors and committees;

3) the records of all actions taken by Centurion's board of directors without a meeting or formal board approval;

---

[2] Shabazz filed another motion to compel on October 18, 2019, which he titled "Motion to Supplement Second Motion to Compel." (ECF No. 105.) However, that motion actually seeks to compel responses to Shabazz's Seventh Discovery Request, not the Sixth Request which is the subject of the July 19, 2019, motion and the August 9, 2019, amended motion. The motion to compel responses to the Seventh Discovery Request also will be addressed in a separate order, along with the Defendants' motion for a protective order.

[3] Shabazz further asserted in the July 15th motion that Defendants had not produced a copy of his medical records. He has since received those records because he filed an affidavit on September 23, 2019, to which is attached 572 pages of medical records. (ECF No. 92.)

2

4) all resolutions adopted by Centurion's board of directors or committee;

5) all written communications to shareholders concerning the financial condition of Centurion, including financial statements;

6) all annual reports delivered to the Tennessee Secretary of State;[4]

7) each and every accounting record and document, including but not limited to, each audit and/or review of Centurion's financial statement furnished to creditors, lenders, prospective lenders, or any government entity, or annual statement;

8) each and every statement of account pertaining to checking, savings, brokerage or other account owned, maintained, or controlled by Centurion at any bank, savings and loan institution, or other financial institution;

9) each and every memorandum, correspondence, manual, computer date, or record, work sheet or report, or other document relating to Centurion's quality control procedures;

10) each and every financial statement, profit and loss statement and balance sheet, whether monthly, year-end, year-to-date, interim or draft, of Centurion;

11) each and every financial and accounting record, work sheet and work paper, maintained by Centurion's accountant, regarding cash flow and cash flow analysis and projections for Centurion; and

12) each and every operating agreement entered into between Centurion's Managing Member and CEO and the corporation which was in effect during the time period.

(ECF No. 76-1 at PageID 556-57.)

Simply reading through these requests reveals that Centurion's objection to them as overly broad and unduly burdensome is well taken. The categories of corporate and operating documents requested by Shabazz would include documents relating to a wide variety of topics irrelevant to any issue in controversy in this case. Even the categories of financial documents requested are not

---

[4] Defendant Centurion stated in its response that it had requested the annual reports from the Tennessee Secretary of State but had not, at that time, received the records. (ECF No. 85 at PageID 639.)

tailored to those financial records relating to the treatment of prisoners in the custody of the Tennessee Department of Correction for Hepatitis B and C.  Centurion will not be required to further produce these requested documents.

With regard to the two interrogatories directed to Centurion in Shabazz's Sixth Discovery Request, (ECF No. 82-4 at PageID 619-20), the Court finds that the response to Interrogatory A is sufficient.  However, it appears Centurion has misconstrued Interrogatory B, which asked:

> Centurion, [from] January 2014 thru December 2018, were ribavirin and peginterferon used alone as monotherapy to treat inmates with hepatitis B and/or C in any TDOC managed facilities?

(*Id.* at PageID 620.)  Centurion responded that these medications "were not the only medications used to treat inmates with hepatitis C during the time period in question.  These medications are not indicated for treatment of hepatitis B." (*Id.*)  However, the interrogatory does not ask whether the medications were the *only* ones used to treat hepatitis, it asks whether the medications were used *alone* as opposed to being used in in conjunction with other medications or treatments.  Centurion will be required to answer only Interrogatory B within fourteen (14) days after the date of this order.

Accordingly, Shabazz's amended second motion to compel, (ECF No. 82), is GRANTED only with respect to Interrogatory B and is DENIED in all other respects.

On September 13, 2019, Shabazz filed a motion for leave to serve sixteen additional interrogatories, including subparts, on Defendant Tucker.  (ECF No. 91.)  Defendant responded, and Shabazz has moved to file a reply.  (ECF No. 101.)  The motion to file a reply is GRANTED.

Federal Rule of Civil Procedure 33(a)(1) limits the number of interrogatories that a party may serve on any other party to twenty-five "[u]nless otherwise stipulated or ordered by the court." However, Rule 26(b)(2)(C) requires that discovery be limited if the court finds that:

i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;  or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

A party must make a particularized showing for why the additional discovery is needed. *See, e.g., Glasswall, LLC v. AGC Flat Glass N. Am., Inc.*, No. 3:17-CV-332-HSM-DCP, 2019 WL 572874, at *3 (E.D. Tenn. Feb. 12, 2019).

Defendant Tucker asserts that Shabazz has already served twenty-four interrogatories on both Centurion and Tucker "without clear direction as to which defendant was supposed to answer them."  (ECF No.  97 at PageID 1338.)  That statement is inaccurate.  With the exception of interrogatories one and two in Shabazz's First Discovery Request, (ECF No. 44-4 at PageID 324), his discovery requests make it clear to which Defendant each interrogatory is directed.  By the Court's count, he has directed seventeen interrogatories to Defendant Tucker.  With the sixteen, including subparts, that he now wants to serve, he would exceed the limit of twenty-five by eight.

In his motion to serve the additional interrogatories, Shabazz specifically stated they were needed to "clearly issues," and to "explain medical terminology and procedure."  (ECF No. 91 at PageID 676.)  The Court presumes "clearly issues" was meant to be "clarify issues."  However, in his reply Shabazz calls Defendant's reference to that statement "false," and asserts that he is inquiring into the "thought process that went into making certain decisions concerning his medical care, or the lack thereof."  (ECF No. 101-1 at PageID 1358.)

An examination of the information requested in the proposed interrogatories indicates that some of them do seek general explanations of the medical terminology and procedures found in Shabazz's medical records.  Others are more focused on the issues in this case.  Specifically, the

Court finds that interrogatories #3, #5, #6, #6(a), #6(b), #10, and #11 are requests for general medical information. Shabazz has made no particularized showing for why he cannot find that information elsewhere.

When the seven listed in the preceding paragraph are excluded, the number of proposed interrogatories exceeds the limit by only one. The Court will allow Shabazz to propound all of the remaining nine interrogatories. Therefore, the motion to serve additional interrogatories is GRANTED IN PART AND DENIED IN PART. (ECF No. 91). Defendant Tucker will be required to respond to interrogatories #1, #2, #4, #4(a), #7, #8, #9, #12 and #13 within fourteen (14) days after the date of this order.

In conclusion:

Plaintiff's motion to renew his November 2018 motion to compel is DENIED. (ECF No. 69.)

Plaintiff's motions to file replies are GRANTED. (ECF Nos. 99 & 101.)

Plaintiff's second motion to compel is DENIED. (ECF No. 76.)

Plaintiff's amended second motion to compel is GRANTED IN PART AND DENIED IN PART as stated above. (ECF No. 82.)

Plaintiff's motion to serve additional interrogatories is GRANTED IN PART AND DENIED IN PART as stated above. (ECF No. 91).

IT IS SO ORDERED.

      s/ **James D. Todd**
      JAMES D. TODD
      UNITED STATES DISTRICT JUDGE