IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| OMOWALE ASHANTI SHABAZZ, a/k/a FRED DEAN, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17-cv-1051 |
| CENTURION OF TENNESSEE, LLC, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

This is a prisoner's rights case brought by pro se Plaintiff Omowale Ashanti Shabazz pursuant to 42 U.S.C. § 1983. At the time of filing, Shabazz was incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee. Defendants Centurion of Tennessee, LLC ("Centurion") and Cortez Tucker (collectively, "Defendants") are the two remaining Defendants. Before the Court are Defendants' Motion for Protective Order, Motions for Reconsideration, and Motion for Summary Judgment and Shabazz's Motion to Supplement his Second Motion to Compel, Motion for Sanctions, Motion to Reopen Discovery, Motions to Amend the Court's Order, and Motion for Extension of Time to Respond to the Motion for Summary Judgment. (ECF Nos. 90, 105, 111, 112,

119, 127, 128, 130, 140, 142, 143.)  For the following reasons, Shabazz's Motion to Reopen Discovery, Motion for Sanctions, and Motions to Amend are DENIED.  Defendants' Motion for Summary Judgment, Motion for Protective Order, and Motions for Reconsideration and Shabazz's Motion for Extension of Time and Motion to Supplement his Second Motion to Compel are DENIED as moot.

**I.   Background**

In 1995, Shabazz entered the custody of the Tennessee Department of Correction ("TDOC.")  On March 20, 2017, Shabazz filed suit against Centurion and TDOC Commissioner Tony Parker, TDOC Medical Director Kenneth Williams, TDOC Associate Medical Director Kenneth L. Wiley, NWCX Warden Michael Parris, and Tucker in their individual and official capacities.  (ECF No. 1.)  Shabazz alleged that Defendants had violated his Eighth Amendment rights because of Defendants' inadequate diagnosis, assessment, and treatment of his hepatitis.  He sought injunctive and declaratory relief and damages.  (ECF No. 1.)

Shabazz moved to amend his Complaint on September 29, 2017.  (ECF No. 5.)  On March 22, 2018, the Court granted the Motion and screened Shabazz's Complaint under 28 U.S.C. § 1915A(b).  (ECF No. 6.)  The Court dismissed Shabazz's claims for monetary damages against Defendants Parker, Williams, Wiley, Parris, and Tucker in their official capacities.  (Id.)

2

The Court also dismissed Shabazz's declaratory and injunctive relief claims because they were duplicative of a class action for which he qualified as a member.  See Graham, et al. v. Parker, et al., No. 3:16-cv-01954 (M.D. Tenn.).

On June 12, 2018, Defendant Parker filed a Motion to Dismiss.  (ECF Nos. 33, 34.)  Shabazz filed a Motion to Compel on November 19, 2018.  (ECF No. 44.)  On January 30, 2019, Shabazz filed a Second Motion to Amend the Complaint.  (ECF No. 49.)  The Court granted Parker's Motion to Dismiss and denied Shabazz's Motion to Amend because the proposed amendments would be futile.  (ECF No. 52.)  Shabazz supplemented his Motion to Compel on March 29, 2019.  (ECF No. 54.)  On April 5, 2019, Defendants Wiley and Williams filed a Motion to Dismiss.  (ECF No. 55.)  Shabazz filed a Third Motion to Amend the Complaint on April 23, 2019.  (ECF No. 61.)  On June 13, 2019, Shabazz petitioned the Court for an independent, expert physical examination to assist his claims. (ECF No. 72.)  Shabazz filed a Second Motion to Compel on July 15, 2019.  (ECF No. 76.)  Defendant Parris filed a Motion to Dismiss on September 3, 2019.  (ECF No. 87.)  On September 23, 2019, Shabazz filed a Motion to Withdraw the Third Motion to Amend the Complaint, which the Court granted.  (ECF Nos. 95, 138.)

On September 6, 2019, Centurion and Tucker moved for a protective order.  (ECF No. 90.)  Shabazz filed a Fourth Motion

to Amend the Complaint on September 23, 2019. (ECF No. 96.) On October 18, 2019, Shabazz moved to supplement his Second Motion to Compel. (ECF No. 105.) Defendants Centurion and Tucker filed their Motion for Summary Judgment on February 8, 2020. (ECF Nos. 111, 112.) The Motion responded to Shabazz's Amended Complaint. On February 13, 2020, Shabazz moved for an extension of time to respond. (ECF No. 119.) He opposed the Motion for Summary Judgment on March 12, 2020. (ECF No. 120.)

On March 24, 2020, Magistrate Judge Charmiane G. Claxton granted in part and denied in part Shabazz's First Motion to Compel. (ECF No. 121.) On April 3, 2020, Magistrate Judge Claxton granted in part and denied in part Shabazz's First Supplemental Motion to Compel. (ECF No. 125.) Defendants asked the Court to reconsider those Orders. (ECF Nos. 127, 128.) Shabazz moved for sanctions against Defendants and to compel Defendants to comply with the Orders. (ECF No. 130.)

On May 29, 2020, the Court granted Defendants Williams, Wiley, and Parris's Motions to Dismiss, and granted Shabazz's Fourth Motion to Amend only as to his claims for monetary damages against Centurion and Tucker. (ECF No. 138.) The Court denied Shabazz's request for a physical examination. (Id.) Shabazz has since filed two Motions to Amend the Court's Order and a Motion to Reopen Discovery. (ECF Nos. 140, 142,

143.)  Defendants oppose those Motions.  (ECF Nos. 145, 146, 147, 148.)

## II. Analysis

### A. Motions to Amend

Under Rule 54(b), an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of final judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  Local Rule 7.3(b) states:

> A motion for revision must specifically show: (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

LR 7.3(b).

Shabazz asks the Court to amend its May 29, 2020 Order to add Dr. Asher Turney as a defendant.  Shabazz relies on allegations in his Fourth Motion to Amend the Complaint.  The Court, in its May 29, 2020 Order, declined to add Turney after considering Shabazz's allegations in the Fourth Motion to Amend.

5

(ECF No. 138.) Shabazz has offered no new justification for adding Turney. The Motion to Amend to add Turney is DENIED.

Shabazz seeks amendment of the Court's Order dismissing Defendant Parker (ECF No. 52) and its May 29, 2020 Order dismissing Defendants Williams, Wiley, and Parris. (ECF No. 138.) The Court dismissed those Defendants because Shabazz had failed to adequately allege that they were personally involved in Shabazz's medical treatment. (ECF Nos. 52, 138.) Shabazz argues that the "Sixth Circuit has long held that officials may be held liable under § 1983 for failing to carry out a statutorily imposed duty, abandoning the specific duties of their position, failing to do their job, and for failing to have adequate policies or procedures." (ECF No. 140.) The Court dismissed the former Defendants because Shabazz failed to allege a basis for liability other than respondeat superior. (ECF Nos. 52, 138.); see Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). The Motion to Amend also fails to allege another basis for liability. The Motion to Amend the Court's Orders dismissing Defendants Parker, Williams, Wiley, and Parris is DENIED.

Shabazz argues that the Court erred in denying his request for an independent physical examination under Federal Rule of

Civil Procedure 35.  In denying that request, the Court noted that "Shabazz is no longer in prison, and he is not indigent." (ECF No. 138.)  Shabazz argues that he is in fact indigent because he is in a halfway house and is unemployed.  Even if Shabazz were indigent, his indigence would not be a basis for altering the Court's Order.  Rule 35 gives courts discretion to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination.  Fed. R. Civ. P. 35(a)(1).  That Shabazz is indigent does not affect the Court's discretionary decision to deny his Rule 35 Motion. The Motion to Amend the May 29, 2020 Order denying Shabazz's request for a physical examination is DENIED.

Shabazz's Motions to Amend are DENIED.

### B. Discovery Motions

Federal Rule of Civil Procedure 16 affords a trial judge broad discretion to curtail discovery.  W. Am. Ins. Co. v. Potts, 1990 WL 104034, at *2 (6th Cir. July 25, 1990);  see Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir. 1981) (finding it "well established that the scope of discovery is within the sound discretion of the trial court").

Shabazz moves to reopen discovery because his Fourth Motion to Amend the Complaint alleges that he did not have adequate opportunity for discovery.  The Court granted Shabazz's Fourth Motion to Amend to allow only specific claims for monetary

7

damages against Defendants Centurion and Tucker. (ECF No. 138.) The Court considered Shabazz's allegations of inadequate discovery, but denied amendment on that ground. Shabazz offers no other reason to reopen discovery. The Motion to Reopen Discovery is DENIED.

There are several pending discovery motions. Defendants seek a protective order because of "Plaintiff's harassment and repetitive discovery requests." (ECF No. 90.) They also ask the Court to reconsider two discovery Orders. (ECF Nos. 127, 128.) Shabazz moves to supplement his Second Motion to Compel. (ECF No. 105.) Discovery is closed. Defendants' Motions for Reconsideration and Motion for Protective Order and Shabazz's Motion to Supplement his Second Motion to Compel are DENIED as moot.

Shabazz seeks sanctions against Defendants under Federal Rule of Civil Procedure 37. (ECF No. 130.) He asks that Defendants comply with discovery orders and that they pay all costs associated with bringing the motion for sanctions and answering interrogatories. (Id.) Discovery is closed. Defendants have filed two pending Motions for Reconsideration of the discovery orders. Sanctions are not appropriate under these circumstances. Shabazz's Motion for Sanctions is DENIED.

8

### C. Motion for Summary Judgment

Defendants Centurion and Tucker filed a Motion for Summary Judgment on February 8, 2020. (ECF Nos. 111, 112.) When Defendants filed their Motion, the Amended Complaint was the operative complaint. (ECF No. 96.) The Court has since granted Shabazz's Fourth Motion to Amend to add specific claims for monetary damages against Centurion and Tucker. "An amended complaint supersedes an earlier complaint for all purposes." In re Refrigerant Compressors Antitrust Litig., 731 F.3d 586, 589 (6th Cir. 2013) (citing Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc., 555 U.S. 438, 456 n. 4, (2009)). The operative complaint is now Shabazz's Amended Complaint with the amended claims for monetary damages against Centurion and Tucker contained in paragraphs 242, 244, 245, and 246 of the Fourth Motion to Amend. (ECF No. 96-2.) Defendants Centurion and Tucker's Motion for Summary Judgment is DENIED as moot. Defendants have 14 days from the date of this Order to file a motion for summary judgment addressing the operative Complaint. Shabazz's Motion for Extension of Time to File Response to the Motion for Summary Judgment is DENIED as moot. Shabazz may respond if Defendants file a motion for summary judgment addressing the operative complaint.

**III. Conclusion**

For the foregoing reasons, Shabazz's Motion to Reopen Discovery, Motion for Sanctions, and Motions to Amend are DENIED.  Defendants' Motion for Summary Judgment, Motion for Protective Order, and Motions for Reconsideration and Shabazz's Motion for Extension of Time and Motion to Supplement his Second Motion to Compel are DENIED as moot.

SO ORDERED this <u>9th</u> day of February, 2022.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
