# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION AT JACKSON

| | |
|---|---|
| OMOWALE ASHANTI SHABAZZ, a/k/a FRED DEAN, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CENTURION, ET AL., | ) ) |
| Defendants. | ) ) |

No. 1:17-cv-1051-JDT-cgc
JURY DEMANDED

**DEFENDANTS CENTURION OF TENNESSEE, LLC AND CORTEZ TUCKER, M.D.'S MOTION FOR SUMMARY JUDGMENT**

COME NOW, Defendants Centurion of Tennessee, LLC ("Centurion") and Cortez Tucker, M.D. ("Dr. Tucker") (collectively the "Defendants"), by and through counsel, and respectfully request this Honorable Court to grant them summary judgment in this matter pursuant to Rule 56 of the Federal Rules of Civil Procedure because there are no genuine issues of material fact that they were not deliberately indifferent to the Plaintiff's serious medical needs in violation of the Eighth Amendment. Defendants are filing this Motion for Summary Judgment in response to this Court's Order entered on February 9, 2022 which denied the Defendants' previously filed Motion for Summary Judgment as moot, but allowing Defendants to refile their Motion for Summary Judgment to address the Plaintiff's additional claims in his operative complaint, which is now the Fourth Amended Complaint, regarding monetary damages against Centurion and Dr. Tucker, including without limitation the amended allegations in Paragraphs 242, 244, 245, and 256 of the Fourth Amended Complaint. [Doc. 154, p. 9].

In support of this Motion, Centurion and Dr. Tucker adopt, incorporate, and rely upon the contemporaneously filed Memorandum of Law in Support of this Motion, the Affidavit of Dr.

Tucker, attached hereto as "**Exhibit 1**" and excerpts from the Plaintiff's medical records from the Tennessee Department of Correction, referenced hereto as "**Exhibit 2**"[1].  Further, Defendants would state as follows:

1. These Defendants are entitled to summary judgment because the Plaintiff's claims are time-barred under the applicable one-year statute of limitation for federal civil rights actions since, by the Plaintiff's own allegations, he knew he was allegedly not received any care or treatment for hepatitis B and C since 1995 and 2005, respectively, yet waited until March 20, 2017 to file the present action about the alleged deficient care. [Doc. 96-2]. See Robertson v. Shelby Cty., No. 05-2579 P, 2007 U.S. Dist. LEXIS 105036, at *27 (W.D. Tenn. July 13, 2007) (citing Dowdy v. Prison Health Services, 21 Fed. Appx. 433, 434 (6th Cir. 2001) (additional internal citations omitted). At minimum, all claims stemming from allegations arising before March 20, 2016 are time barred under the applicable one year of statute of limitations since the Plaintiff did not file the present matter until March 20, 2017.

2. Even assuming the Court determines the Plaintiff's claims are not time-barred and/or only allows claims to proceed that accrued on or after March 20, 2016, Dr. Tucker, and by extension Centurion, provided appropriate care and treatment to the Plaintiff within the applicable standard of care at all times material to this action, including treatment of the Plaintiff for hepatitis.

3. Plaintiff's own medical records and the Affidavit of Dr. Tucker demonstrate that he received frequent, responsive, and adequate medical treatment, including referrals to the

---

[1] The medical record excerpts are being filed separately Under Seal. For ease of reference, the excerpts have been bate-stamped "Exhibit 2 001 – Exhibit 2 094" and are identified by the corresponding page numbers ("Exhibit 2, p. ___") throughout the Memorandum of Law in Support of this Motion, the Statement of Undisputed Material Facts, and the Affidavit of Dr. Tucker.  These records are authenticated by the Certification of the Medical Records Clerk found at Exhibit 2, p. 1.

Tennessee Department of Correction Advisory Committee on HIV and Viral Hepatitis Prevention and Treatment that led to the treatment of Plaintiff's hepatitis.  See Exhibits 1 and 2.

4. Additionally, at all times relevant to this matter, Dr. Tucker provided appropriate care for Plaintiff's other health issues.  See Exhibits 1 and 2.

5. Plaintiff has put forth no admissible evidence to the contrary and has thus failed to meet his burden of demonstrating that Dr. Tucker and Centurion were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

6. Plaintiff has failed to carry his burden of proving deliberate indifference through the use of required medical proof or testimony.  King v. Alexander, 574 F. App'x 603, 606 (6th Cir. 2014) (holding that the *pro se* plaintiff's deliberate indifference claim under 42 U.S.C. § 1983 failed because she offered no medical expert testimony to establish a causal link between the loss of her little finger and the alleged inadequacy of her treatment and that her "self-generated" affidavit detailing her previous doctors' medical instructions was not sufficient to create a genuine issue of material fact because the statements were inadmissible hearsay) (citing Santiago v. Ringle, 734 F.3d 585, 591 (6th Cir. 2013); citing Alexander v. CareSource, 576 F.3d 551, 558 (6th Cir. 2009)).

7. Further, any disagreement by the Plaintiff with the Defendants' medical decision making does not support a claim for deliberate indifference.  Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976).

8. Additionally, Plaintiff has failed to put forth any evidence that these Defendants knowingly adopted and followed constitutionally inadequate policies regarding his medical care that resulted in them acting with deliberate indifference to his serious medical needs.

9. Moreover, the Sixth Circuit has already held that the policies of the Tennessee Department of Correction, followed by the Defendants in providing care for Plaintiff's hepatitis, are constitutionally adequate and do not constitute deliberate indifference.  Atkins v. Parker, 972

F.3d 734 (6th Cir. 2020) (certiorari denied by United States Supreme Court in <u>Atkins v. Williams</u>, 141 S. Ct. 2512 (2021)).

10.     Therefore, Dr. Tucker and Centurion are entitled to summary judgment as a matter of law, pursuant to Rule 56 of the Federal Rules of Civil Procedure, because there are no genuine issues of material fact that these Defendants were not deliberately indifferent to the Plaintiff's serious medical needs.

WHEREFORE, Defendants Centurion of Tennessee, LLC and Cortez Tucker, M.D. respectfully request this Honorable Court grant their Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and enter an Order dismissing them from this matter with prejudice.

Respectfully submitted this 23rd day of February, 2022.

> By:   /s/Meagan Collver
> Heidi A. Barcus, Esq. (BPR No. 015981)
> Daniel T. Swanson (BPR No. 023051)
> Meagan Collver (BPR No. 035101)
> LONDON & AMBURN, P.C.
> 607 Market Street, Suite 900
> Knoxville, TN  37902
> Phone: (865) 637-0203
> Fax: (865) 637-4850
> hbarcus@londonamburn.com
> dswanson@londonamburn.com
> mdaviscollver@londonamburn.com
>
> *Counsel for Defendants Centurion of Tennessee, LLC and Cortez Tucker, M.D.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The Plaintiff will be served by regular U.S. mail at the address listed below. Parties may access this filing through the Court's electronic filing system.

      Omowale A. Shabazz
      Post Office Box 20396
      Knoxville, TN 37940

This 23rd day of February, 2022.

      /s/Meagan Collver
      Attorney