IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| OMOWALE ASHANTI SHABAZZ, a/k/a FRED DEAN, Plaintiff, v. CENTURION OF TENNESSEE, LLC, et al., Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 17-cv-1051 |

**ORDER**

This is a prisoner's rights case brought by pro se Plaintiff Omowale Ashanti Shabazz pursuant to 42 U.S.C. § 1983. At the time of filing, Shabazz was incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee. Defendants Centurion of Tennessee, LLC ("Centurion") and Cortez Tucker (collectively, "Defendants") are the two remaining Defendants. Before the Court is Defendants' Motion for Summary Judgment (the "Motion"). (ECF Nos. 157, 158.) For the following reasons, the Motion is GRANTED.

**I.   Background**

In 1995, Shabazz entered the custody of the Tennessee Department of Correction ("TDOC"). On September 23, 2019, he

filed the operative complaint, alleging Defendants violated his Eighth Amendment rights by inadequately diagnosing, assessing, and treating his hepatitis. (ECF No. 96.)  Centurion is the private health care provider for TDOC. (Id.)  Tucker was the Medical Director at NWCX from August 2014 to January 2019. (ECF No. 158-1.)  On February 23, 2022, Defendants filed the Motion.  (ECF Nos. 157, 158.)  Shabazz opposed the Motion on March 3, 2022. (ECF No. 163.)

## II.  Standard of Review

Under Federal Rule of Civil Procedure 56, a court shall grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The burden of demonstrating the absence of a genuine dispute of material fact first rests with the moving party."  George v. Youngstown St. Univ., 966 F.3d 446, 458 (6th Cir. 2020) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party can meet this burden by showing the Court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case.  Id. (citing Celotex, 477 U.S. at 322-23).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial.  See

Fed. R. Civ. P. 56(c).  "A genuine dispute exists when the plaintiff presents significant probative evidence on which a reasonable jury could return a verdict for her."  EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (quotation marks omitted).  The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Adcor Indus., Inc. v. Bevcorp, LLC, 252 F. App'x 55, 61 (6th Cir. 2007) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).  When evaluating a motion for summary judgment, a court must view the evidence in the light most favorable to the party opposing the motion.  George, 966 F.3d at 458 (citing Matsushita, 475 U.S. at 587).

A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings.  See Beckett v. Ford, 384 F. App'x 435, 443 (6th Cir. 2010) (citing Celotex Corp., 477 U.S. at 324).  Instead, the nonmoving party must adduce concrete evidence on which a reasonable juror could return a verdict in his favor.  Stalbosky v. Belew, 205 F.3d 890, 895 (6th Cir. 2000); see Fed. R. Civ. P. 56(c)(1).  The Court does not have the duty to search the record for such evidence.  See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed

3

to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

**III. Analysis**

Shabazz argues that Tucker and Centurion inadequately treated his hepatitis B and C, in violation of the Eighth Amendment. "The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 895 (6th Cir. 2004) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference to a convicted prisoner's need for medical attention suffices for a claim under § 1983. Id. (citing Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985)). Deliberate indifference can occur when a prison official intentionally denies or delays access to a serious medical need. Id.

An Eighth Amendment denial-of-medical-care claim has an objective and a subjective component. The objective component requires the existence of a "sufficiently serious" medical need. Id. (internal citations omitted). The "inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

4

"The subjective component requires an inmate to show that prison officials have a 'sufficiently culpable state of mind in denying medical care.'" Blackmore, 390 F.3d at 895 (quoting Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000)).

**Objective Component**

A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008) (internal quotation marks omitted). If a prisoner's claim is based on the failure to treat a condition adequately, he "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." Napier v. Madison Cnty., 238 F.3d 739, 742 (6th Cir. 2001) (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)); see Blackmore, 390 F.3d at 898-99 ("Napier applies where the plaintiff's 'deliberate indifference' claim is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious.").

Shabazz was diagnosed with hepatitis B in 1995 and hepatitis C in 2005. Hepatitis B is a vaccine-preventable liver infection caused by the hepatitis B virus ("HBV"). Centers for Disease Control and Prevention ("CDC"), Hepatitis B,

5

https://www.cdc.gov/hepatitis/hbv/index.htm (last accessed Mar. 15, 2022). Although often a short-term illness, hepatitis B can become a long-term chronic infection. Id. Two to six percent of people who get hepatitis B as adults become chronically infected. Id. Hepatitis C is a liver infection caused by the hepatitis C virus ("HCV"). CDC, Hepatitis C, https://www.cdc.gov/hepatitis/hcv/index.htm (last accessed Mar. 15, 2022). For more than half of those infected with HCV, hepatitis C becomes a long-term, chronic infection. Id. There is no vaccine for hepatitis C, but treatments can cure most people in 8 to 12 weeks. Id.

The TDOC Advisory Committee on HIV and Viral Hepatitis Prevention and Treatment ("TACHH") guides treatment of hepatitis C for NWCX inmates. Tucker, as medical director at NWCX, was responsible for monitoring Shabazz, ensuring he received chronic care, making referrals to TACHH, and following TACHH's treatment recommendations.

To treat his hepatitis C, Shabazz was given abdominal ultrasounds and a liver biopsy, prescribed the hepatitis C medication Harvoni, and referred to TACHH multiple times. (See ECF No. 163-3.) He had telemedicine visits with infectious disease experts and had laboratory work done as part of chronic care treatment. (Id.) To treat his hepatitis B, infectious

6

disease experts recommended Shabazz repeat his hepatitis B vaccinations.  (Id.)

Shabazz has provided no evidence to dispute that he received treatment.  He argues that the treatment was inadequate, but he has offered no verified medical evidence to support his claim. (Id.)  See Blackmore, 390 F.3d at 898-99.  A mere disagreement about the sufficiency of medical treatment, without more, does not constitute an Eight Amendment violation.  See Lyons v. Brandly, 430 F. App'x 377, 381 (6th Cir. 2011) (citing Estelle, 429 U.S. at 107).

Shabazz has not provided sufficient evidence for a reasonable jury to conclude that he experienced a serious medical need.  He has not satisfied the objective component of his Eight Amendment claim.

**IV. Conclusion**

For the foregoing reasons, the Motion is GRANTED.

SO ORDERED this 15th day of March, 2022.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

7